Terence OAKES, Movant–Appellant

v.

STATE of Missouri, Defendant–Respondent.

No. 18778.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 6, 1994.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for movant-appellant.

Jeremiah W. Jay Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PARRISH, Chief Judge.

Terence Oakes (movant) appeals from an order of the Circuit Court of Jasper County, Missouri, dismissing his Rule 24.035 motion. This court affirms.

Movant pleaded guilty to the class B felony of selling more than 5 grams of marijuana, a controlled substance. § 195.211, RSMo Supp.1990. The offense was alleged to have occurred in Jasper County. Movant was sentenced, pursuant to a negotiated plea agreement, to imprisonment for a term of 10 years. After his sentencing and incarceration, movant filed a pro se Rule 24.035 motion. Counsel was appointed and an amended motion filed. The motion court filed written findings of fact and conclusions of law and denied the motion without an evidentiary hearing.

Movant presents one point on appeal. He contends the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because the motion "pleaded factual allegations which, if proved, would warrant relief and which are not refuted by the record." The factual allegation that movant argues entitled him to an evidentiary hearing was "that the crime occurred outside of the jurisdictional boundaries of Jasper County, Missouri."

The motion court found that movant stated at his guilty plea hearing that the offense occurred in Jasper County, "generally, somewhere in the vicinity of, uh, Seventh and Roosevelt." It concluded:

The grounds raised by the Movant in his Pro Se Motion and the Amended Motion are clearly refuted by the record....

In addition to movant's statement, the prosecuting attorney was asked at movant's guilty plea hearing what the evidence would be if the case were tried. She stated that an undercover policeman would testify that movant sold the policeman approximately a quarter of a pound of marijuana at a location "at or near 2307 West Seventh Street here in Jasper County." Movant was then asked the following questions by the trial court and gave the following answers:

Q. All right. Mr. Oakes, do you feel that the State would be able to present that evidence? As far as what she was talking about of Helms and the undercover officer, selling the marijuana, and the 2300 block of West Seventh, and all that stuff?

A. I feel that, uh, it would be very incriminating to me.

Q. Do you feel you'd most likely be convicted of this charge if you had a jury trial?

A. Yes, sir, I do.

The motion court's findings were not clearly erroneous. Further opinion would have no precedential value. The order denying movant's Rule 24.035 motion is affirmed in compliance with Rule 84.16(b).

SHRUM and MONTGOMERY, JJ., concur.